IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENT L. ALFORD,**

       **Petitioner,**

   **v.**             CASE NO. 11-3062-SAC

**SAM CLINE, et al.,**

       **Respondents.**

### O R D E R

This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on allegations of error in his state conviction in Sedgwick County District Court Case no. 93-CR-410, and has paid the $5.00 district court filing fee.

The Antiterrorism and Effective Death Penalty Act (AEDPA) enacted on April 24, 1996, established a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, such as petitioner's in the present case, a state prisoner had one year from April 24, 1996, to seek federal habeas relief under § 2254. *See Miller v. Marr*, 141 F.3d 976 (10th Cir.1998)(one year grace period applies to state prisoners challenging pre-AEDPA convictions). The running of that one year limitation period is tolled while a properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Applying these statutes to dates relevant to the conviction petitioner challenges in the instant action, the court finds this matter is subject to being dismissed because the application is time barred. *See Jackson v. Sec. for Dept. of Corrections*, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner's state conviction on 1993 charges including murder, aggravated kidnapping, and criminal possession of a firearm became final in March 1996. Petitioner thus had one year from the enactment of AEDPA on April 24, 1996, to file a petition under § 2254 to challenge the legality of that state conviction or the "hard 40" sentence imposed. In December 1996, petitioner tolled the running of the § 2244(d)(1) limitation period by filing a motion in the state courts to correct an illegal sentence. Tolling continued through October 31, 1997, when the Kansas Supreme Court affirmed the denial of relief in that post-conviction proceeding. The four months remaining in the § 2241(d)(1) limitation period then began running, tolled again in December 1997 when petitioner filed a motion in the state courts for post-conviction relief under K.S.A. 60-1507. The Kansas appellate courts dismissed petitioner's appeal in that action as untimely docketed. Petitioner thereafter took no further action within the approximate two months remaining in the § 2244(d)(1) limitation period for seeking habeas corpus review under § 2254.

Instead, some ten years later, petitioner filed a post-conviction motion in the state courts in 2007, alleging ineffective

2

assistance of counsel during the penalty phase of his sentencing. The district court denied the petition without holding the evidentiary hearing that had been initially scheduled. The Kansas Court of Appeals affirmed that decision in January 2010, and the Kansas Supreme Court denied review in March 2010. That post-conviction proceeding, however, provided no legal basis for restarting the one year limitation period in § 2241(d)(1), and had no tolling effect on the already expired § 2244(d)(1) limitation period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir.2001).

Accordingly, as it appears clear on the face of the record that petitioner's filing of the instant § 2254 petition in March 2011 is not within one year limitation period provided in § 2244(d)(1), petitioner is directed to show cause why the petition should not be summarily dismissed as time barred. The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why this petition seeking relief under 28 U.S.C. § 2254 should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 10th day of May 2011 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge