IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENT L. ALFORD,

                Petitioner,

    v.                                  CASE NO. 11-3062-SAC

SAM CLINE, et al.,

                Respondents.

**O R D E R**

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se seeking a writ of habeas corpus under 28 U.S.C. § 2254 on allegations of error related to his state conviction in Sedgwick County District Court Case No. 93-CR-410.

On May 10, 2011, the court directed petitioner to show cause why the petition should not be summarily dismissed as filed outside the one year limitation period provided in 28 U.S.C. § 2244(d)(1). In response, petitioner reasserts arguments presented to the Kansas appellate courts in seeking a remand to the state district court for an evidentiary hearing on his allegations of ineffective assistance of counsel regarding the hard 40 sentence imposed in his state criminal proceeding. The Kansas Court of Appeals affirmed the lower court's summary denial of petitioner's motion for post-conviction relief under K.S.A. 60-1507, and rejected petitioner's arguments that his time barred and successive 1507 motion should be considered to avoid manifest injustice. *See Alford v. State*, 221 P.3d 642 (Kan.App. Jan. 8, 2010)(unpublished), *rev. denied* (March 31, 2010).

Significantly, petitioner's response makes no showing that he

timely filed his § 2254 petition within any provision of § 2244(d)(1), and identifies no circumstances that might warrant equitable tolling of that statutory limitation period. The court thus concludes the petition should be dismissed as time barred.

IT IS THEREFORE ORDERED that the petition seeking relief under 28 U.S.C. § 2254 is dismissed.

**IT IS SO ORDERED.**

DATED: This 2nd day of June 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge